979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William G. SCOGGINS, Defendant-Appellant.
 No. 92-1153.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1992.
 
 Before KENNEDY, ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, William G. Scoggins, appeals his conviction and sentence for embezzlement from a labor union. The defendant asserts that the District Court clearly erred in assessing a two-level Sentencing Guideline adjustment for more than minimal planning. The defendant also argues that the Court erred in not departing from the Guidelines. For the reasons stated below, we AFFIRM the sentence imposed by the District Court.
 
 
 2
 Defendant was the sub-district director of the United Steel Workers of America (Union) in northern Michigan. From May 11, 1987 through August 3, 1989, the defendant converted $146,810.86 of the local union funds to his own use. Additionally, the defendant knowingly falsified Union Activity Reports to conceal his theft activities.
 
 
 3
 In May 1991, defendant was charged in a six-count indictment with embezzling from a labor organization. Pursuant to a written Rule 11 plea agreement, defendant pled guilty to count one of the indictment, which set forth an embezzlement charge under 29 U.S.C. § 501(c).[1]
 
 
 4
 Defendant filed a motion for a non-guideline sentence due to the defendant's alleged gambling addiction. Defendant also objected to the presentence report which included a two-level enhancement of his base offense level for "more than minimal planning." The District court denied both the motion and the objection at the sentencing hearing. The Court sentenced defendant to an 18-month term of imprisonment--the bottom of the guideline range.
 
 
 5
 The defendant raises two issues on appeal, both of which are without merit. First, the defendant contends that the District Court clearly erred in assessing a two-level sentencing guideline adjustment for more than minimal planning. According to United States Sentencing Guideline ("U.S.S.G.") § 2B1.1,[2] which applies to offenses involving embezzlement and other forms of theft, the offense level must be increased by two levels if "the offense involved more than minimal planning."
 
 
 6
 "More than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense....
 
 
 7
 "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune.
 
 
 8
 ....
 
 
 9
 In an embezzlement, ... several instances of taking money, each accompanied by false entries [would constitute more than minimal planning].
 
 
 10
 U.S.S.G. § 1B1.1(f), commentary. Application of the two-level enhancement was appropriate in this case for two reasons. First, defendant's conduct spanned more than two years and involved repeated acts of embezzlement. Second, defendant routinely falsified records to cover his embezzlement.
 
 
 11
 Next, the defendant argues that the District Court erred in not departing from the Guidelines. At the sentencing hearing, the District Court found that the Guidelines adequately considered "unusual psychological circumstances" such as a gambling addiction.[3] From this the court concluded that the Guidelines didn't allow for a departure on the basis of the defendant's alleged gambling addiction. Joint App. at 93. A district court's conclusion that it was without authority to depart from the Guidelines is a legal conclusion and is therefore subject to appellate review. United States v. Hamilton, 949 F.2d 190, 193 (6th Cir.1991).
 
 
 12
 In United States v. Davern, 970 F.2d 1490, 1493 (6th Cir.1992), an en banc Sixth Circuit held that "a Guideline sentence is mandatory and that departure is justified only as stated in [18 U.S.C.] § 3553(b)." Section 3553(b) states:
 
 
 13
 The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. (Emphasis added.)
 
 
 14
 A review of the Guidelines indicates that the Commission did consider the effect of a defendant's emotional condition in specifying offense levels. Sentencing Guideline § 5K2.13 contemplates the possibility of a downward departure based upon "significantly reduced mental capacity." However, this Court has expressly held that a gambling addiction does not give rise to this type of reduced mental capacity. Hamilton, 949 F.2d at 193 (expert testimony that defendant suffered from a "pathological gambling disorder" is insufficient to justify invoking § 5K2.13). The District Court did not err in sentencing the defendant within the applicable guideline range. We AFFIRM the sentence imposed by the District Court.
 
 
 
 [1]
 In its entirety, 29 U.S.C. § 501(c) states:
 Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
 
 
 [2]
 The sentencing guideline provision governing embezzlement from a labor union, U.S.S.G. § 2E5.4, directs the sentencing court to apply the general guideline provision for embezzlement set forth in U.S.S.G. § 2B1.1
 
 
 [3]
 The District Court adopted the guideline application in the presentence report. Joint App. at 55. The presentence report suggested that the Sentencing Commission took addictive/compulsive personality disorders into consideration and advised that as a result, no departures were necessary. Id. at 38